UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>ANGEL VERDUSCO-VILLA,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:13-cr-00428-KJD-CWH<br><br>ORDER<br><br>(Mot Reconsider Bail – Dkt. #50) |

　　　　Before the court is Defendant Angel Verdusco-Villa's Motion to Reconsider Bail (Dkt. #50). The court has considered the Motion, and the United States' Response (Dkt. #53).

　　　　Verdusco-Villa was initially charged in an Criminal Complaint (Dkt. #1) filed November 21, 2013. He made an initial appearance November 22, 2014, before Judge Foley. Judge Foley entered a temporary Order of Detention (Dkt. #12) and continued the detention hearing until November 25, 2013, before the undersigned. Following the detention hearing, the court ordered Verdusco-Villa detained finding there was a serious risk that he would endanger the safety of another person or the community for reasons stated in the court's written Order (Dkt. #23).

　　　　In the current motion, Verdusco-Villa asks the court to reconsider its detention decision arguing that, although the sworn complaint alleged that Verdusco-Villa attempted to flee at the time of his apprehension, there was no evidence that drugs were on his person or in the car he was driving. Additionally, there was no evidence that he possessed a gun. The contraband and the gun were found on the possession of a co-Defendant. Verdusco-Villa successfully completed his past sentence and is likely to appear at all future proceedings. He has strong local ties and family support, and the court should therefore reconsider its detention decision.

　　　　The government opposes the motion arguing Verdusco-Villa has not met his burden under 18 U.S.C. § 3142(f) to provide new information unknown to him at the time of the initial

detention hearing that has a material issue on whether there are conditions of release that will reasonably assure his appearance and the safety of any other person in the community.

### DISCUSSION

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f). As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

Following the detention hearing, the court ordered Verdusco-Villa detained as a danger to the community for various reasons. He is charged with offenses for which the law creates a rebuttal presumption he should be detained. The court found he had not rebutted the presumption as it pertains to danger to the community. Additionally, the nature and circumstances of the offenses charged involve multiple pound quantities of methamphetamine purchases. The sworn complaint indicated that Verdusco-Villa attempted to flee to avoid arrest on November 20, 2013, following a five-pound purchase of methamphetamine by an undercover officer. Finally, Verdusco-Villa's prior criminal history reflects a prior conviction for a drug related offense for which he was sentenced to two years in prison.

Verdusco-Villa's motion to reconsider merely asks the court to revisit its initial detention decision, but has not met his burden under 3142(f) of presenting new information not available to him at the time of the initial detention hearing that has a material bearing on bail. Accordingly,

**IT IS ORDERED** that Verdusco-Villa's Motion to Reconsider Bail (Dkt. #50) is **DENIED**.

DATED this 2nd day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE