# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | Case No. 2:13-cr-00428-KJD-CWH |
| vs. ) | **FINDINGS AND RECOMMENDATION** |
| ANGEL VERDUSCO-VILLA, *et al.*, ) | |
|       Defendants. ) | |

This matter is before the Court on Defendant Angel Verdusco-Villa's Motion to Dismiss Count Five of the Superseding Indictment (#49), filed on May 16, 2014. The Court also considered the Government's Response (#52), filed on May 30, 2014.

## BACKGROUND

On April 8, 2014, a Federal Grand Jury returned a superseding criminal indictment charging Defendant Angel Verdusco-Villa ("Verdusco-Villa") with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846(b)(1)(A), Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and Use of a Weapon in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii).[1] (Superseding Indict. #39.) Count Five specifically alleges that Verdusco-Villa and co-defendant Fasuto Quezada ("Quezada") knowingly carried a firearm during and in relation to a drug trafficking crime on or about November 20, 2013.

By way of this motion, Verdusco-Villa requests that the Court dismiss Count Five of the Superseding Indictment (#39) claiming that the evidence is not sufficient to constitute a violation of

---

[1] The Superseding Indictment (#39) also charges Fausto Quezada and Ruben Dario Pedro ("Pedro") as co-defendants.

18 U.S.C. § 924(c). Verdusco-Villa alleges that the evidence shows that when he and Quezada were arrested on November 20, 2013, Quezada was observed conducting a drug transaction and possessing a Glock handgun. Further, Verdusco-Villa represents that he was in a different vehicle in the same parking lot and was apprehended when he attempted to leave. Also, Verdusco-Villa notes he was not found to be in possession of drugs or weapons. Verdusco-Villa highlights the Complaint (#1) that states that Quezada told the police that the gun was going to be either sold or given to the undercover police officer who purchased the drugs from Quezada. As a result, Verdusco-Villa argues that the weapon was not possessed to further the drug sale, but rather was merely being offered for sale. So, Verdusco-Villa requests that Count Five be dismissed because the evidence does not show that the weapon be used or carried in furtherance of the crime of violence or drug crime, as required by 18 U.S.C. § 924(c).

In response, the Government contends that Verdusco-Villa has failed to demonstrate that Count Five is capable of determination without trial of the general issue. It notes that Verdusco-Villa's does not challenge the facial validity of the indictment based on accepting the facts alleged as true. Instead, the Government argues that Verdusco-Villa's argument regarding how the gun was used should have been bought as a motion for acquittal under Federal Rule of Criminal Procedure 29. As a result of this procedural defect, the Government claims that Count Five is not subject to dismissal.

## DISCUSSION

### I.     Rule 12(b) Motion to Dismiss

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). Generally, Rule 12(b) motions are appropriate to consider "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989). A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.

*United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). The Ninth Circuit has held that the ultimate finder of fact is concerned with the general issue of guilt. *Id.* So, a motion requiring a factual determination may be decided before trial if it is not "substantially founded upon and intertwined with evidence concerning the alleged offense." *Id.*

Here, Verdusco-Villa claims that Count Five is subject to dismissal because he did not possess a firearm and the firearm was not used "in furtherance" of the alleged drug crime as required by 18 U.S.C. § 924(c). Section 924(c) provides, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

The Court finds that Verdusco-Villa's argument is not a question of law, but rather a factual question as to whether the weapon was used or carried in furtherance of a crime of violence or drug crime. He refers to a statement by Quezada that Quezada was arrested with possession of the firearm to establish the insufficiency of Count Five. However, Verdusco-Villa acknowledges that the statement is hearsay and therefore, may not be admitted as evidence at trial. Further, if the firearm was used to further drug activity or, instead, was offered for sale is a factual determination that must be deferred to the jury. Accordingly, the Court will recommend denying Verdusco-Villa's motion because it requires a determination substantially founded upon the evidence considering the alleged offense.

## II. Sufficiency of Indictment

An indictment is sufficient if it has the following: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling et al. v. United States*, 418 U.S. 87, 117 (1974). When considering a motion to dismiss, the allegations of the indictment are presumed to be true. *Id.* The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at 899. Accordingly, the Court's inquiry focuses on the face of the indictment taking the alleged facts as true. The sufficiency of an indictment is not judged by

"whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). As such, arguments directed at the merits of the claims must be left for trial.

Count Five follows the wording of Section 924(c) and alleges that Verdusco-Villa did knowingly carry a firearm during and in relation to a drug trafficking crime. It appears that, through the receipt of the original complaint, Verdusco-Villa is informed of the details that form the basis for the accusation so as to enable him to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offense. *Cooper v. United States*, 282 F.2d 527, 531 (9th Cir. 1960). Accordingly, the Court will recommend denying Verdusco-Villa's motion because he is aware of the elements of the offense and a double jeopardy concern could be alleviated by the wording of Count Five.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Angel Verdusco-Villa's Motion to Dismiss Count Five of the Superseding Indictment (#49) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of June, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**