**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>            Plaintiff, ) <br> vs. ) <br> ANGEL VERDUSCO-VILLA, *et al.*, ) <br>            Defendants. ) | Case No. 2:13-cr-00428-KJD-CWH <br><br> **ORDER** |

       This matter is before the Court on Defendant Angel Verdusco-Villa's Motion to Sever (#48), filed on May 16, 2014. The Court also considered the Government's Response (#51), filed on May 30, 2014.

## BACKGROUND

       On December 3, 2013, a Federal Grand Jury returned a criminal indictment charging Defendant Angel Verdusco-Villa ("Verdusco-Villa") with three counts regarding conspiracy, distribution, and possession with intent to distribute methamphetamine, along with co-defendants Fausto Quezada ("Quezada") and Ruben Dario Pedro ("Pedro"). (Indictment #16.)[1] On April 8, 2014, a Federal Grand Jury returned a superseding criminal indictment charging Verdusco-Villa, and Quezada with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846(b)(1)(A), Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and Use of a Weapon in Furtherance of a Drug

---

[1] The Indictment (#16) charges Pedro only with Count Two for distribution of methamphetamine while Verdusco-Villa and Quezada are charged with Count One, Count Three, and Count Four.

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii).[2]

By way of this motion, Verdusco-Villa requests that the Court sever his trial from co-defendant Quezada's trial due to a Confrontation Clause concern based on *Bruton v. U.S.*, 391 U.S. 123 (1968) (holding that where non-testifying codefendant's confession naming defendant was admitted at joint trial, defendant was denied his Sixth Amendment right of confrontation). Verdusco-Villa notes that the Government may seek to introduce statements made by Quezada to Special Agent Gutbub on November 20, 2013. (Compl. #1, ¶46.) Quezada stated that on October 22, 2013, he traveled with Verdusco-Villa to deliver one pound of methamphetamine. *Id.* Further, Quezada identified Verdusco-Villa as the supplier of the methamphetamine and that he gave Verdusco-Villa $7,500, which was the entire payment received. Additionally, Quezada stated that on November 20, 2013, he traveled with Verdusco-Villa to deliver five pounds of methamphetamine, which Verdusco-Villa supplied along with a semi-automatic handgun. *Id.* Verdusco-Villa contends that these statements create undue and unfair prejudice that requires severance of his and Quezada's trials. Additionally, Verdusco-Villa argues that redaction of his name and a jury instruction cannot cure the prejudice at issue.

In response, the Government claims that it does not intend to introduce Quezada's statements in their entirety. Instead, the Government states that the only portions of Quezada's statements to be offered will be those in which he implicated himself as conducting a hand to hand drug transaction. Accordingly, the Government asserts that redacting any reference to Verdusco-Villa, including his name and any reference to his existence, is sufficient to avoid violating *Bruton*. 391 U.S. 123.

## DISCUSSION

### I. Rule 8 Joinder of Defendants

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions,

---

[2] The Superseding Indictment (#39) charges Pedro only with Count Two for Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Rule 8 is construed broadly in favor of initial joinder.  *See United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted).  "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted).  "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*; *see also Bruton*, 391 U.S. at 134.

## II.     Rule 14 Severance of Defendants

Federal Rule of Criminal Procedure 14 provides relief from joinder of defendants under Rule 8(b) through court order "sever[ing] the defendants' trials." Fed. R. Crim. P. 14(a).  Rule 14 is designed to promote economy and efficiency by avoiding multiple trials.  "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified by* 425 F.3d 1248 (9th Cir. 2005).  Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

The Court is required to weigh the potential for prejudice against the concern for judicial economy.  *See United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)).  Accordingly, a defendant must show that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted).  "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*.

Here, Verdusco-Villa makes one argument for why severance of trial is required. Verdusco-Villa argues that the admission of Quezada's confession at a joint trial may violate his right to confrontation because the confession directly incriminates him and he will be unable to cross-examine Quezada if he decides not to testify.  Verdusco-Villa also argues that redaction of his

name from Quezada's confession does not mitigate the harm.  Therefore, Verdusco-Villa contends that severance of his trial from Quezada's trial pursuant to Rule 14(a) is proper.  In response, the Government recognizes its obligations under *Bruton* and asserts that it would redact any reference to Verdusco-Villa from the confession of Quezada.  391 U.S. 123.  Further, the Government claims that it will only introduce the portions of the statement where Quezada implicated himself as the individual who conducted the hand-to-hand transactions with the undercover officer.  Accordingly, the Government argues that severance of trial is not needed.

After careful review, the Court finds that severance is not warranted.  The Court agrees that a proper redaction to eliminate Verdusco-Villa's name and reference to his existence will ensure that the Confrontation Clause is not violated.  *See Richardson v. Marsh*, 481 U.S. 200, 211 (U.S. 1987).  Additionally, the Government represents that it intends to submit a jury instruction that outlines the appropriate use of Quezada's statements.  The Court notes that the "prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)).  Further, Verdusco-Villas has provided no evidence to suggest that the potential prejudice identified cannot be cured by a limiting instruction.  "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999) (superceded on other grounds by regulation).  Accordingly, the Court gave careful consideration to Verdusco-Villa's proffered reason for severance - a potential *Bruton* issue.  Ultimately, it finds that he has not met the "heavy burden" of demonstrating that joinder is so manifestly prejudicial that severance is required.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Angel Verdusco-Villa's Motion to Sever (#48) is **denied**.

1 | DATED this 19th day of June, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**